UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAYNE WILLIAMS, : CIVIL NO: 1:13-CV-01696
:
    Plaintiff :
: (Judge Caldwell)
v. :
: (Magistrate Judge Schwab)
J. MOTTER, :
:
    Defendant :

# REPORT AND RECOMMENDATION

## I. Introduction.

The plaintiff, proceeding *pro se*, has filed a complaint and a motion to proceed *in forma pauperis*. We recommend that the plaintiff's application for leave to proceed *in forma pauperis* be granted, that the complaint be dismissed, and that the plaintiff be granted leave to file an amended complaint.

## II. Factual Background and Procedural History.

The plaintiff, Wayne Williams, began this case by filing a complaint, and after being ordered by the Clerk to either pay the filing fee or to file an *in forma pauperis* application, he filed an application for leave to proceed *in forma pauperis*. The complaint names as the defendant Jacqueline Motter, the Warden of the Clinton County Correctional Facility. Williams alleges that he seriously cut his finger on a

piece of sheet metal that was covering an outlet at the prison. He was taken to an outside hospital, where he was given stitches and prescribed Vicodin for pain. Williams alleges that when he returned to the prison, instead of being given Vicodin, he was given other pain medications, which he contends were not as effective as Vicodin. Also, according to Williams, his stitches were not taken out in a timely manner and became embedded in his skin causing him additional pain. Williams claims that prison personnel violated the Eighth Amendment, and he is seeking monetary damages.

## III. Discussion.

### A. Screening of *Pro Se* Complaints─Standard of Review.

Pursuant to 28 U.S.C. § 1915(a)(1), if the plaintiff establishes that he or she is unable to pay the costs of the suit, the court may allow a plaintiff to proceed *in forma pauperis*. *In re Binsack*, 446 F. App'x 445, 447 (3d Cir. 2011). Although there is language in the statute that refers to prisoners, § 1915(a) is not restricted to prisoner suits. *Martinez v. Kristie Kleaners,* Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004). In an action in which the plaintiff is proceeding *in forma pauperis*, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915(e)(2) which provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal—
        (i) is frivolous or malicious
        (ii) fails to state a claim upon which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

Under Section 1915(e)(2)(B)(ii), the court must assess whether a complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir.2008)], and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler,* 578 F.3d at 211. "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove

facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

In conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal,* 556 U.S. at 679.

Thus, following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010)(quoting *Iqbal,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B. The Complaint Fails to State an Eighth Amendment Claim Upon Which Relief May Be Granted.

Williams brings an Eighth Amendment claim under 42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under § 1983, the

plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

The only defendant named in the caption of the complaint is Warden Motter, but Williams does not allege that Warden Motter was personally involved in the alleged violations of his rights. Liability under § 1983, however, "'cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1998)). Thus, a constitutional deprivation cannot be premised merely on the fact that the defendant was a supervisor when the incidents set forth in the complaint occurred. *See Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. 2008). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676.

There are two viable theories of supervisory liability. *Santiago*, 129 F.3d at 129 n.5. Under the first theory, a supervisor can be liable if he or she established and maintained a policy, practice, or custom that directly caused the constitutional harm. *Id.* Under the second theory, a supervisor can be liable if he or she participated in violating the plaintiff's rights, directed others to violate the plaintiff's

7

rights, or as the person in charge had knowledge of and acquiesced in his or her subordinates' violations of the plaintiff's rights. *Id.*

Williams does not allege that Warden Motter was personally involved in the alleged violation of his rights. Accordingly, the complaint does not state a claim upon which relief may be granted against Warden Motter. And while the plaintiff includes in the body of his complaint the names of corrections staff and medical staff with whom he interacted, it is not clear whether he intends to pursue a claim against any of these individuals. In addition, the complaint fails to allege facts from which it could reasonably be inferred that any staff member was deliberately indifferent in violation of the Eighth Amendment.

In order for a plaintiff to allege a viable Eighth Amendment medical-care claim, he must allege facts from which it can reasonably be inferred that the defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *see also Groman v. Township of Manalapan,* 47 F.3d 628, 637 (3d Cir. 1995)("Failure to provide medical care to a person in custody can rise to the level of a constitutional violation under § 1983 only if that failure rises to the level of deliberate indifference to that person's serious medical needs.").

Deliberate indifference is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 840 (1994). "To act with deliberate indifference to serious medical needs is to

recklessly disregard a substantial risk of serious harm." *Giles v. Kearney,* 571 F.3d 318, 330 (3d Cir. 2009). To act with deliberate indifference, the prison official must have known of the substantial risk of serious harm and must have disregarded that risk by failing to take reasonable measures to abate it. *Farmer,* 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The Third Circuit has found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir. 1999). The Third Circuit has also held that "[n]eedless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, . . . violates the Eighth Amendment." *Atkinson v. Taylor,* 316 F.3d 257, 266 (3d Cir. 2003).

At the same time, it is also clear that the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as a constitutional claim because medical malpractice is not a constitutional violation. *See Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir. 2004); *Singletary v. Pa. Dep't of*

9

*Corr.,* 266 F.3d 186, 192 n. 2 (3d Cir. 2002)(claims of medical malpractice, absent evidence of a culpable state of mind, do not constitute deliberate indifference under the Eighth Amendment). Instead, deliberate indifference represents a much higher standard, one that requires "obduracy and wantonness, which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." *Rouse,* 182 F.3d at 197 (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)). "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." *Durmer v. O'Carroll,* 991 F.2d 64, 67 (3d Cir. 1993)(citations omitted).

Judged against these legal benchmarks, the complaint in this case fails to allege facts from which it can reasonably be inferred that the staff was deliberately indifferent to Williams's serious medical needs. Williams has not alleged facts that lead to a reasonable inference that the staff believed that the manner in which they interacted with Williams represented a substantial risk of serious harm to him. Accordingly, they cannot be seen, on the facts alleged, to have been deliberately indifferent to his serious medical needs. Thus, the complaint fails to state an Eighth Amendment claim upon which relief may be granted.

## C. Williams Should Be Granted Leave to File an Amended Complaint.

Before dismissing a complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2), the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). In light of the liberal-amendment requirement, although this screening analysis calls for dismissal of the complaint, Williams should be granted another, final opportunity to comply with the requirements of Fed.R.Civ.P. 8. Thus, we recommend that the complaint be dismissed, but we recommend that the dismissal be without prejudice to Williams filing an amended complaint.

## IV. Recommendations.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that Williams's application to proceed *in forma pauperis* be granted. **IT IS FURTHER RECOMMENDED** that the complaint be dismissed and that Williams be granted leave to file an amended complaint in accordance with this Report and Recommendation.[1]

---

1 We note that any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Any amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an

11

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.   Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.   The briefing requirements set forth in Local Rule 72.2 shall apply.   A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of September, 2013.

                                              **_S/Susan E. Schwab_**
                                              Susan E. Schwab
                                              United States Magistrate Judge

---

adequate complaint without reference to the complaint already filed.   Any amended complaint will completely replace the original complaint.   If an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.